UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| MANUEL TOLEDO and | ) | |
| KAYLEE GREEN (minor), | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.: 3:16-CV-475-TAV-DCP |
| | ) | |
| CSX TRANSPORTATION, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION**

This civil action is before the Court on a Motion to Intervene or, in the alternative, Motion for Substitution of Real Party in Interest, and Motion for Reconsideration [Doc. 69]. This motion was filed by Ann Mostoller, Trustee of the Bankruptcy Estate of Wendy Toledo.[1] Defendant filed a response in opposition [Doc. 74]. For the reasons set forth below, the Court will deny bankruptcy trustee's motion to intervene, motion for substitution, and motion for reconsideration.

**I.  Background**

This case is one of many pending before this Court that arose out of a train derailment and resulting chemical fire on July 1, 2015, in Maryville, Tennessee, which

---

[1] The original bankruptcy trustee has been appointed to serve as interim trustee in plaintiff's reopened bankruptcy case [No. 3:16-bk-30300, Doc. 25]. For simplicity's sake, the Court will refer to this individual as "the bankruptcy trustee" throughout this opinion.

prompted the evacuation of thousands of local residents [Doc. 1 pp. 13-16].[2] Plaintiffs here were Maryville residents at the time of derailment [*Id*. at 11].

Several months after the accident, on February 8, 2016, plaintiff Wendy Toledo filed a voluntary Chapter 7 bankruptcy petition in the United States Bankruptcy Court for the Eastern District of Tennessee [No. 3:16-bk-30300, Doc. 1].[3] One part of the petition form—specifically, Question 33 in Schedule A/B: Property—asked plaintiff whether she had any "[c]laims against third parties, whether or not [she had] filed a lawsuit or made a demand for payment," including "[a]ccidents, employment disputes, insurance claims, or rights to sue" [*Id*. at 21]. Plaintiff checked the box marked "no" [*Id*.]. Thus, the parties do not dispute that she omitted from her petition the claims she has raised against CSX Transportation, Inc. ("CSX") and Union Tank Car Company ("UTC") in this case [See Doc. 45 p. 2; Doc. 51 pp.2–3].

Later, on June 24, 2016, plaintiffs filed a complaint against CSX and UTC in the Circuit Court for Blount County, Tennessee [Doc. 1 p. 1]. CSX then removed the case to

---

[2] These are: Tipton v. CSX Transp., Inc., No. 3:15-cv-311; Hall v. CSX Transp., Inc., No. 3:15-cv-346; Andies v. CSX Transp., Inc., No. 3:16-cv-474; Toledo v. CSX Transp., Inc., No. 3:16-cv-475; Boling v. CSX Transp., Inc., No. 3:16-cv-488; Payne v. CSX Transp., Inc., No. 3:16-cv-489; Beals v. CSX Transp., Inc., No. 3:16-cv-497; Jaggers v. CSX Transp., Inc., No. 3:16-cv-498; and Owens v. CSX Transp., Inc., No. 3:16-cv-499.

[3] "[I]t is well-settled that '[f]ederal courts may take judicial notice of proceedings in other courts of record.'" *Lyons v. Stovall*, 188 F.3d 327, 332 (6th Cir. 1999) (second alteration in original) (quoting *Granader v. Pub. Bank*, 417 F.2d 75, 82–83 (6th Cir. 1969)).

this Court under 28 U.S.C. §§ 1441 and 1446 [*Id.*]. On July 12, 2016, the Bankruptcy Court entered an order discharging plaintiff's debts, and her bankruptcy case was closed on August 22, 2016 [No. 3:16-bk-30300, Docs. 19, 22]. Up to this point, plaintiff had neither sought to amend her bankruptcy petition nor notify the Bankruptcy Court of her claims against CSX and UTC. Meanwhile, UTC answered plaintiff's complaint in this case on August 10, but did not assert as a defense plaintiff's failure to schedule her claims against UTC in her bankruptcy petition [Doc. 16]. CSX, on the other hand, filed its answer on August 17 and expressly raised equitable estoppel as an affirmative defense [Doc. 19 ¶ 100].

Plaintiff later disclosed her pending bankruptcy petition in response to CSX's first set of interrogatories [Doc. 51-3 p. 2]. On March 14, 2017, UTC moved for summary judgment solely as to Wendy Toledo, arguing that her claims against UTC were barred by judicial estoppel because she had failed to schedule them in her bankruptcy petition [Docs. 44–45]. On March 23, CSX filed notice that it was joining in UTC's motion [Doc. 46]. Then, on April 5, 2017, the United States Trustee moved to reopen plaintiff's bankruptcy case, stating that it had been "notified about the existence of additional assets that are likely property of the bankruptcy estate" [No. 3:16-bk-30300, Doc. 23 p. 1]. The Bankruptcy

Court reopened the case that same day [No. 3:16-bk-30300, Doc. 24].[4] In addition, on April, 15, 2017, the bankruptcy trustee, Ann Mostoller, filed an application to hire plaintiff's counsel to represent the bankruptcy estate's interests in this litigation, which the court granted on May 9, 2017 [No. 3:16-bk-30300, Docs. 32, 33].

On March 28, 2018, this Court granted defendants' motion for summary judgment solely as to plaintiff Wendy Toledo, finding her judicially estopped from asserting any claims against defendants that she had failed to disclose in her bankruptcy case [Doc. 63 p. 18]. On June 29, 2018, the bankruptcy trustee filed this instant motion to intervene or in the alternative substitute as a real party in interest, along with a motion for reconsideration [Doc. 68].

## II. Analysis

The Court will address each of the bankruptcy trustee's arguments in turn. For the reasons explained below, the Court will deny each of bankruptcy trustee's motions.

---

[4] Plaintiff's response brief states that, after disclosing her bankruptcy petition in response to CSX's interrogatory, "[i]mmediate steps were taken to rectify the mistake" [Doc. 51 p. 3].

Further, in an affidavit attached to plaintiff's response brief, the bankruptcy trustee states that she "notified the United States Trustee's office of the pending litigation and asked that the case be reopened" [Doc. 51-5 ¶ 2]. However, these materials do not make clear whether it was plaintiff (or her counsel) who informed the bankruptcy trustee of this case, or whether the bankruptcy trustee learned of this case by other means. Plaintiff's response brief states only that "the [t]rustee has been notified of the claim" [Doc. 51 p. 9]. There was a gap of almost a month between the filing of UTC's summary judgment motion on judicial estoppel grounds and the reopening of plaintiff's bankruptcy case. The total delay might have been even longer, but the record is currently unclear as to when plaintiff first filed her responses to CSX's interrogatories and, in doing so, disclosed the existence of her bankruptcy petition.

### A. Motion to Intervene

The bankruptcy trustee asserts that she should be allowed to intervene in the present case as a matter of right, or in the alternative, that the Court should permit the bankruptcy trustee to intervene [Doc. 68 p. 3].

Mandatory intervention is not warranted here because bankruptcy trustee's motion was not timely.[5] Federal Rule of Civil Procedure 24(a) governs interventions as of right, providing that:

> On a timely motion, the court must permit anyone to intervene who… claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

The Sixth Circuit has distilled this Rule into four factors:

> (1) the application for intervention must be timely; (2) the applicant must have a substantial, legal interest in the subject matter of the pending litigation; (3) the applicant's ability to protect that interest must be impaired; and (4) the present parties do not adequately represent the applicant's interest.

*Grubbs v. Norris*, 870 F.2d 343, 345 (6th Cir. 1989) (citing *Trial Co. v. TRW Inc.*, 724 F.2d 1224, 1227 (6th Cir. 1984). Each factor must be proved by the intervenor; otherwise intervention as of right is inapplicable and the motion must be denied. *Id.*

---

[5] The Court assumes, without deciding, that intervention is an appropriate procedural device for this situation. Although substitution of bankruptcy trustees is generally favored over intervention in similar instances, in at least one case within our district a bankruptcy trustee successfully intervened as party to the litigation. *See Dauscha v. UP Communications Services, LLC*, No. 4:13-cv-50, 2013 WL 6388566 (E.D. Tenn. Dec. 6, 2013). This point is purely academic, though, given that intervention is not warranted here.

Defendant does not dispute the second, third, and fourth requirements, and so the Court will focus only on the first requirement of timeliness. The Sixth Circuit has identified five sub-factors to evaluate with respect to the issue of timeliness:

> (1) the point to which the suit has progressed; (2) the purpose for which the intervention is sought; (3) the length of time preceding the application during which the proposed intervenor knew or should have known of his interest in the case; (4) the prejudice to the original parties due to the proposed intervenor's failure, after he or she knew or reasonably should have known of his interest in the case, to apply promptly for intervention; and (5) the existence of unusual circumstances mitigating against or in favor of intervention.

*Davis v. Lifetime Capital, Inc.*, 560 F. App'x 477, 490 (6th Cir. 2014) (quoting *Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990)). "No one factor is dispositive, but rather 'the determination of whether a motion to intervene is timely should be evaluated in the context of all relevant circumstances.'" *Blount-Hill v. Zelman*, 636 F.3d 278, 284 (6th Cir. 2011) (quoting *Stupack-Thrall v. Glickman*, 226 F.3d 467, 472-73 (6th Cir. 2000)).

With respect to the first factor, extensive progress has been made in this litigation. A Scheduling Order has been issued [Doc. 57], partial summary judgment has been granted on all claims asserted by plaintiff Wendy Toledo [Doc. 63], defendant UTC has been dismissed as a party [Doc. 65], and defendant CSX has submitted a motion for summary judgment [Doc. 72]. *See Blount-Hill v. Zelman*, 636 F.3d at 285 (noting a decision granting a partial motion to dismiss, the issuance of a scheduling order, and the filing of a second motion to dismiss weigh against proposed intervention). This factor thus weighs against the bankruptcy trustee and in defendant's favor.

With respect to the second factor, intervention is sought to protect the bankruptcy estate's interest in plaintiff's claim. Defendant does not dispute this and this factor weighs in favor of bankruptcy trustee.

The third factor, timeliness, also weighs in defendant's favor. Bankruptcy trustee argues that her motion is timely because no deadlines have passed with respect to this matter and discovery is substantially complete [Doc. 68 p. 5]. However, bankruptcy trustee does not address the fact that she filed her motion on June 29, 2018, a full three weeks after parties were supposed to be added per the Scheduling Order [Doc. 57 p. 6]. Moreover, the bankruptcy proceedings against plaintiff were reopened on April 5, 2017, bankruptcy trustee was reappointed on that same day, and counsel was hired to pursue this litigation on May 9, 2017 [No. 3:16-bk-30300, Docs. 24, 25, 32]. Therefore, bankruptcy trustee had over a year to seek entry into this case before the Scheduling Order's deadline had passed. Although bankruptcy trustee asserts that "parties and counsel have moved as quickly as practicable in the filing of the Trustee's motion to intervene in this case," she provides no evidence to support this statement and the Court does not view this factor in her favor.

Significant prejudice—the fourth factor—will occur if intervention is granted. Although bankruptcy trustee mentions that discovery is substantially complete in support of her argument, it is unclear how this fact favors her. As pointed out by defendant, because plaintiff was dismissed from this action, defendant did not take her deposition and wrote its motion for summary judgment under the belief that it would not have to address her claims. An intervention with respect to bankruptcy trustee's interest in plaintiff's claims

7

would therefore likely necessitate extension of discovery, an opportunity to depose plaintiff, and a refiling of defendant's motion for summary judgment. *See Blount-Hill v. Zelman*, 636 F.3d at 287 (noting that the proposed intervention would result in the filing of a third motion to dismiss and therefore weighed against intervention).

Finally, neither party brings up the existence of any unusual circumstances suggesting favor in support or against intervention, and therefore the fifth factor does not support either side.

Given the late filing of this motion, the significant progress already made in this case, and the prejudice that intervention would have on defendant as an original party, this Court finds that bankruptcy trustee's motion to intervene is untimely. Because timely filing of a motion is required under Federal Rule of Civil Procedure 24(a), bankruptcy trustee's motion must be denied.

Permissive intervention is also not warranted. Federal Rule of Civil Procedure 24(b) governs permissive intervention, stating in relevant part, "on timely motion, the court may permit anyone to intervene who has a claim or defense that shares with the main action a common question of law or fact." The Rule also states, "in exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." *Id*.

Bankruptcy trustee's motion contains one sentence arguing that this Court should grant her permissive intervention "because Trustee has a legally protectable interest in the bankruptcy estate that cannot be protected by anyone other than the Trustee" [Doc. 68 p.

8

6].[6]  Because bankruptcy trustee's argument on this point is perfunctory, and because this Court has already found her motion to be both untimely and prejudicial to defendant, the Court declines to address this argument.

## B. Motion for Substitution

Substitution is also not warranted because the bankruptcy trustee's request is not timely. Thus, the motion will be denied.

Substitution is governed by both Federal Rules of Civil Procedure 25 and 17. Federal Rule of Civil Procedure 25 states in relevant part, "If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." In contrast, Rule 17 states, "The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Whether a party uses Rule 25 or Rule 17 depends on when the substitution of the party in interest occurs. Rule 25 applies to cases where an interest is transferred *after* litigation has already commenced, while Rule 17 applies to cases where litigation was mistakenly filed against a party whose interest in the suit *had already* been transferred. *Int'l Rediscount Corp. v. Harford Acc. & Indem. Co.*, 425 F. Supp. 669, 674 n.14 (D. Del. 1977) ("Only if transfer of an interest occurs prior to the institution of suit would the real party in interest provision

---

[6] The bankruptcy trustee cites Federal Rule of Civil Procedure 24(a)(2) for this assertion [Doc. 68 p. 6], when Federal Rule of Civil Procedure 24(b) governs permissive intervention.

of Rule 17 control. Where that transfer occurs after institution of suit, Rule 25(c) is the controlling rule of civil procedure").

Rule 25 provides the proper framework here.[7] Plaintiff's personal injury claims became the property of the bankruptcy estate when she filed for bankruptcy on February 8, 2016. *Auday v. Wet Seal Retail, Inc.*, 698 F.3d at 904 ("When [plaintiff] filed for bankruptcy, her estate became the owner of all of her property, including tort claims that accrued before she filed her bankruptcy petition"). Here, plaintiff's claim accrued on July 1, 2015, when the train derailment at issue took place, and it became the property of her estate when she filed her petition for bankruptcy on February 18, 2016. Therefore, because plaintiff's interest transferred prior to initiation of this action, on June 24, 2016, Rule 17 applies.[8]

As an initial matter, bankruptcy trustee is a real party in interest in the present case. A real party in interest is "the person who is entitled to enforce the right asserted under the

---

[7] Bankruptcy trustee appears to argue that plaintiff's interest in the personal injury claim transferred to the estate upon re-opening of the bankruptcy proceedings [Doc. 68 p. 6]. However, as bankruptcy trustee points out in her motion, 11 U.S.C.A. §541(a) provides:
> The commencement of a case under… this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held: (1) except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property *as of the commencement of the case*.

11 U.S.C.A. §541(a) (emphasis added).

As discussed above, plaintiff's personal injury claim accrued before plaintiff filed her bankruptcy petition, and the estate became a party in interest to the claim on February 18, 2016, when the petition was filed. Therefore, the bankruptcy trustee held plaintiff's interest in the claim well before the bankruptcy proceedings were re-opened.

[8] Bankruptcy trustee has submitted that her motion for substitution should be permitted under both Rule 25 and Rule 17. Because the Court has found Rule 25 inapplicable in this instance, the Court declines to address those arguments here.

governing substantive law." *Certain Interested Underwriters at Lloyd's, London, Eng. v. Layne*, 26 F.3d 39, 43 (6th Cir. 1994). As discussed above, it is well settled that when an individual files for bankruptcy, her legal and equitable interests become property of her estate. *Auday v. Wet Seal Retail, Inc.*, 698 F.3d at 904. Bankruptcy trustee, as the representative of the estate, 11 U.S.C. § 323(a), is responsible for "collect[ing] and reduc[ing] to money the property of the estate," 11 U.S.C. § 704(a)(1), and has the capacity to sue and be sued, 11 U.S.C. § 323(b). Therefore, bankruptcy trustee is the real party in interest in the present case, as she has the capacity to sue on behalf of the estate to recover the property of the estate, here the personal injury claim.

Rule 17(a)(3), however, does not grant automatic joinder to real parties in interest. Instead, the Rule seeks to accommodate those cases where "determination of the proper party to sue is difficult or when an understandable mistake has been made." *Barefield v. Hanover Ins. Co.*, 521 B.R. 805, 810 (E.D. Mich. 2014) (citing Fed. R. Civ. P. 12 advisory committee's note (1966)). Where courts have neither found party determination difficult nor that an understandable mistake has been made they have subsequently deemed dismissal appropriate, even given the language of Rule 17(a)(3). *See, e.g., Gardner v. State Farm Fire & Cas. Co.*, 544 F.3d 533, 563 (3d Cir. 2008); *U.S. for Use & Benefit of Wulff v. CMA, Inc.*, 890 F.2d 1070, 1075 (9th Cir. 1989).

Rule 17(a)(3) also contains a timeliness requirement, stating "the court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection*, a reasonable time* has been allowed for the real party in interest to ratify, join,

or be substituted into the action." Fed. R. Civ. P. 17(a)(3) (emphasis added). "The determination of a 'reasonable time' for the real party in interest to take action is a matter of judicial discretion." *Barefield*, 521 B.R. at 810 (citing 6A Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure: Civil 3d § 1555, at 575-76 (3d ed. 2002)).

Courts have varied in their balancing of Rule 17(a)(3)'s purpose and its timeliness requirement, noting that the Rule "is designed to protect defendants from a 'subsequent action by the party actually entitled to recover' as much as it is meant to protect plaintiff's claim from dismissal on a procedural technicality." *Rodriguez v. Mustang Mfg. Co.*, 07-CV-13828, 2008 WL 2605471, at *4 (E.D. Mich. June 27, 2008). With respect to cases where the courts have found that party determination was not difficult and an understandable mistake was not committed, some courts have nevertheless opted for substitution, rather than dismissal, if a statute of limitations would prevent the trustee from later bringing a claim if dismissed from the suit at issue. *See, e.g., Auday v. Wetseal Retail, Inc.*, No. 1:10-CV-260, 2013 WL 2457717, at *6 (E.D. Tenn. June 6, 2013) (*Auday II*); *Canterbury v. Fed.-Mogul Ignition Co.*, 483 F.Supp.2d 820, 826-28 (S.D. Iowa 2007). Other courts however, have chosen to dismiss these cases. *See, e.g., Rodriguez*, 07-CV-13828, 2008 WL 2605471, at *3–4 (noting substitution of the trustee would cause months of delay, far exceed the statute of limitations on the original claim, and be unfairly prejudicial to the defendant).

Here, even though bankruptcy trustee is a real party in interest, it would be inappropriate to allow her to join in the case. First, plaintiff has had a reasonable time to ascertain the proper party in interest. It has been over two years since plaintiff filed her bankruptcy petition on February 8, 2016, and over a year since bankruptcy trustee reopened the relevant bankruptcy case on April 5, 2017. Here, the facts show that bankruptcy trustee was aware of the claim in this case on at least April 5, 2017, if not sooner, when bankruptcy trustee sought to reopen plaintiff's bankruptcy case and stated that it had been "notified about the existence of additional assets that are likely property of the bankruptcy estate" [No. 3:16-bk-30300, Doc. 23 p. 1]. It is similarly unclear when exactly plaintiff learned that bankruptcy trustee was a party in interest, although it was at least by April 18, 2017, when she submitted her Response to defendant's motion for summary judgment, which stated "the [t]rustee has been notified of the claim" [Doc. 51 p. 9]. Both plaintiff and bankruptcy trustee were therefore made aware of the proper party in interest in April, 2017, and per bankruptcy trustee's own admission in her current Motion, both parties meant to have bankruptcy trustee intervene or be substituted in the case at that time, even if the intention was "not explicitly requested" [Doc. 68, p. 8–9]. The fact that over a year passed before bankruptcy trustee submitted this current Motion, after plaintiff's claims have been dismissed and the deadline for joining parties has passed, would unfairly prejudice defendant.

Second, the Court does not find that an understandable mistake has been made as required under the second prong of Rule 17(a)(3). The court in *Zurich Insurance Co. v.*

*Logitrans, Inc.*, 297 F.3d 528, 532 (6th Cir. 2002) explained that the "understandable mistake" language is meant to protect the process of identifying the real party in interest. It has already been acknowledged that the proper party to sue in this case was determined by plaintiff and bankruptcy trustee no later than April 2017. Bankruptcy trustee seems to argue that the mistake in this case is actually the hazy intention of bankruptcy trustee and plaintiff to request substitution or intervention in plaintiff's response to summary judgment on April 18, 2017, which "was not abundantly clear, and not explicitly requested" and that "it was simply not clear enough and there was misunderstanding" [Doc. 68 pp. 8–9]. This Court noted in its Order granting defendant's motion for summary judgment on all claims asserted by plaintiff that it would not substitute bankruptcy trustee as a real party in interest absent "a clear indication" that the parties were requesting such action [Doc. 63 p. 22 n.11]. Bankruptcy did not do so until this present motion, filed over a year after the real party in interest had been identified, after the timeline for joinder of parties had passed, and more than three months after plaintiff had been dismissed from the case. This is not the kind of understandable mistake that the court referenced in *Zurich*, and this Court declines to expand the category of understandable mistakes to incorporate this instance.

On the issue of timeliness, bankruptcy trustee notes that the statute of limitations on the personal injury claim here has run, and so she would be unable to bring a claim on behalf of the estate at all if she were not allowed to intervene or be substituted in this case [Doc. 68 p. 5]. However, when considering the almost fourteen months the bankruptcy trustee had to appropriately substitute herself as the real party in interest, the fact that

14

plaintiff's Response did not explicitly request substitution or intervention of bankruptcy trustee as a real party in interest, and the prejudice that the defendant would suffer to allow such a substitution at this point in the case, the Court declines to find the current motion filed within a reasonable time as mandated by Rule 17(a)(3). Permitting substitution here would reward murkily-worded, or, in the alternative, overdue requests to the detriment of defendant and contrary to the purpose of Rule 17.

Bankruptcy trustee also argues that this motion is nevertheless timely, citing *Barger v. City of Carterville, GA.*, 348 F.3d 1289, 1292-93 (11th Cir. 2003) for the assertion that a bankruptcy trustee can be substituted as the real party in interest as late the appellate level [Doc. 68 p. 7]. However, bankruptcy trustee's reliance on *Barger* is misguided. In *Barger*, the plaintiff failed to inform the bankruptcy trustee that her discrimination suit had any monetary value, and instead stated that she only sought reinstatement of her employment. *Barger*, 348 F.3d at 1296. The Eleventh Circuit thus did not discuss the timeliness of bankruptcy trustee's substitution into the case at the appellate level because it found that the bankruptcy trustee had been deceived as to the nature of the lawsuit and was therefore not at fault for failing to pursue the claim at the district court level, when it was not aware of the actual nature of her claim. *Id*.

This case is distinguishable from *Barger*. As already discussed, plaintiff and bankruptcy trustee were aware of the nature of the personal injury claim no later than April, 2017, and had over a year to pursue its claim pursuant to the Scheduling Order set forth by this District Court. Moreover, bankruptcy trustee apparently meant to intervene, or in the

alternative, be substituted on April 18, 2017. This Court granted defendant's motion for partial summary judgment with respect to plaintiff's claims on March 28, 2018 [Doc. 63]. The deadline to join parties per the Scheduling Order was June 8, 2018 [Doc. 57 p. 6]. Bankruptcy trustee filed this present motion on June 29, 2018 [Doc. 68]. Given that bankruptcy trustee was aware of and had ample time to pursue its claim within the bounds set out by this Court but failed to do so, the Court finds this motion untimely and it is therefore denied.

### C. Motion for Reconsideration

Finally, the Court will not reconsider its March, 28, 2018, order granting defendant's motion for partial summary judgment on all claims asserted by plaintiff [Doc. 68]. This motion was also untimely.

Under Federal Rule of Procedure 54(b), "any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Thus, district courts have authority under Rule 54(b) to "afford such relief from [interlocutory orders] as justice requires." *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 Fed. Appx. 949, 959 (6th Cir. 2004). Although courts have the power to do so, reconsideration rarely occurs as this act is contrary to the court's interest in finality; thus, these motions should only be granted "in rare and unusual circumstances." *Penton Media, Inc. v.*

*Affiliated FM Ins. Co.*, No. 1:03-CV-2111, 2006 U.S. Dist. LEXIS 64387 at *6 (N.D. Ohio Aug. 29, 2006).

Motions for reconsideration are analyzed under the same framework applicable to motions to alter or amend a judgment found in Federal Rule of Civil Procedure 59(e). *Huff v. Metro. Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982). Rule 59(e) states, "a motion to alter or amend a judgment must be filed *no later than 28 days* after the entry of the judgment." Fed. R. Civ. P. 59 (emphasis added). Under the Rule 59(e) framework, motions for reconsideration "may be utilized in *timely* attempts to vacate judgment" *Huff*, 675 F.2d at 122 (emphasis added), in order "(1) to correct a clear error of law; (2) to account for newly discovered evidence or a change in controlling law; or (3) to prevent manifest injustice." *Jackson v. Novastar Morg., Inc.*, 645 F.Supp.2d 636, 642 (W.D. Tenn. 2007); *Rodriguez*, 89 Fed. Appx. at 959.

Bankruptcy trustee's motion is untimely. The Court granted defendant's motion for partial summary judgment on all claims asserted by plaintiff on May 28, 2018 [Doc. 63]. Bankruptcy trustee filed this motion on June 29, 2018 [Doc. 68], more than ninety days after this Court's ruling and well outside the twenty-eight day deadline given by Rule 59. Because the Court finds this request untimely, the court rejects the motion. Thus, despite bankruptcy trustee's argument—which appears to be that a manifest injustice would occur if the Court does not reconsider its prior grant of summary judgment now armed with the knowledge that bankruptcy trustee actually meant to seek substitution or intervention in plaintiff's response—the motion for reconsideration will be denied.

## III. Conclusion

Accordingly, for the reasons explained above, the Court **DENIES** the bankruptcy trustee's motion for intervention, motion for substitution, and motion for reconsideration [Doc. 68].

ENTER:

                                        s/ Thomas A. Varlan  
                                        CHIEF UNITED STATES DISTRICT JUDGE